## JURISDICTION OF COURT OF INSOLVENCY ON APPEAL FROM JUSTICE OF THE PEACE.

Circuit Court of Cuyahoga County.

F. T. Edgar et al v. Robert Lenz et al.

Decided, June 4, 1906.

*Appeals Can Not be had from Justice of the Peace to Insolvency Court of Cuyahoga County—Jurisdiction of Subject-Matter Not Conferred by Consent of Parties.*

1. The Insolvency Court of Cuyahoga County has no jurisdiction to entertain appeals direct from justice courts.
2. Jurisdiction of a subject-matter can not be conferred on a court by consent of parties.

*Frank L. Kuhn*, for plaintiff in error.
*Hessenmueller & Schmidt*, contra.

Winch, J.; Henry, J., and Marvin, J., concur.

This case involves the validity of a judgment recovered by plaintiffs in the Insolvency Court of Cuyahoga County in a case originally brought by plaintiffs before a justice of the peace and then appealed by them directly to the said court of insolvency, where judgment was rendered in their favor.

This court has heretofore held that the Insolvency Court of Cuyahoga County has no jurisdiction to entertain appeals direct from justice courts, affirming the judgment of Judge Bushnell of the insolvency court, in the case of *Serhant* v. *Englebury*, 50 Bull., 68, and we see no reason for now reversing that ruling.

But it is said that the parties to the case entered their appearance in the court of insolvency and consented to its jurisdiction.

Jurisdiction of a subject-matter can not be conferred by consent. The right to hear a case on appeal from an inferior court is conferred by statute, touches the subject-matter, and can not be created by consent. This has been held so frequently that it is idle to cite authorities.

The common pleas court having arrived at the same conclusion, and having held said judgment of the insolvency court to be void, its judgment is affirmed.